UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SHARON D. RICHARDSON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 13-826 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 13, 14 |
| | : | | |
| GEORGE PETASIS *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE JHU DEFENDANTS' MOTION TO DISMISS; AND
### DEFERRING RULING ON DEFENDANT KUNKA'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff, Sharon Richardson, is a former Director of Information Technology at the Johns Hopkins University School of Advanced International Studies. *See generally* Compl., ECF No. 1. She brings suit against Johns Hopkins University and four of its employees: George Petasis, Shanna Hines, Debbie Grandval, and Myron Kunka. *See id.* The Complaint raises claims of: race discrimination, retaliation, hostile work environment, and constructive discharge pursuant to 42 U.S.C. § 1981 (Counts I, V, VI & VII); race discrimination, retaliation, hostile work environment, and constructive discharge pursuant to Title VII, 42 U.S.C. § 2000(e) (Count II, V, VI & VII); race discrimination, retaliation, hostile work environment, and constructive discharge pursuant to the District of Columbia Human Rights Act of 1977, Title 2, Subchapter 14 (Counts III, IV, V, VI & VII); and one common law tort claim of intentional infliction of emotional distress (Count VIII). Defendant Petasis has answered the Complaint. See Answer, ECF No. 12. Defendants, Johns Hopkins University, Ms. Hines, and Ms. Grandval (collectively, the "JHU Defendants"), have moved to dismiss Count VII (constructive discharge) and Count

VIII (intentional infliction of emotional distress). *See generally* Mot. Dismiss, ECF No. 13 ("JHU Mot."). Defendant, Mr. Kunka, has moved to dismiss all of the claims against him (Counts I, IV, V, VI, VII & VIII) (Kunka MTD). *See generally* Mot. Dismiss, ECF No. 14 ("Kunka Mot."). Those motions being fully briefed and ripe for decision, the Court addresses each of them in turn.

## II. JHU DEFENDANTS' MOTION TO DISMISS COUNTS VII & VIII

The JHU Defendants move to dismiss Count VII, constructive discharge, for failure to state a claim, arguing that it is not an independent cause of action or claim. *See* JHU Mot. 5–6. Plaintiff has conceded this argument, stating that she agrees that there is not a separate cause of action for constructive discharge and that Count VII should be removed and merged into her hostile work environment claim. Pl.'s Opp'n JHU Mot. 1, ECF No. 17. Accordingly, the court will do so.

The JHU also moved to dismiss Count VIII, intentional infliction of emotional distress, for failure to state a claim arguing that plaintiff's allegations do meet the high standard to make out such a claim by demonstrating extreme and outrageous conduct which intentionally or recklessly caused Plaintiff severe emotional distress. JHU Mot. 6. The Court sensed a more fundamental defect in Plaintiff's claim and asked the parties to brief whether Plaintiff's intentional infliction of emotional distress common law tort claim is barred by the D.C. Worker's Compensation Act, D.C. Code § 32-1504(b). *See* Min. Order, Oct. 24, 2013. Having read those briefs, *see* ECF Nos. 22–23, the Court concludes that Plaintiff's common law tort claims are preempted and barred by the comprehensive D.C. Worker's Compensation Act because it provides the exclusive remedy for such claims involving work-related injuries. *See, e.g.*, *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 116–117 (D.D.C. 2012) (quoting D.C.

2

Code § 32-1504(b)); *Bilal-Edwards v. United Planning Org.*, 896 F. Supp. 2d 88, 94–96 (D.D.C. 2012); *Ramey v. Potomac Elec. Power Co.*, 468 F. Supp. 2d 51, 55–56 (D.D.C. 2006); *Tatum v. Hyatt Corp.*, 918 F. Supp. 5, 8 (D.D.C. 1994). As the parties point out, a narrow exclusion from the comprehensive bar has been made for claims of *quid pro quo* sexual harassment. But such claims are different in kind than those presented here. *Quid pro quo* claims (or other forms of sexual harassment involving inappropriate touching) are centered on the sexual gratification of the perpetrator and are not inflicted on an employee because of her employment, whereas the type of discrimination and retaliation claims set forth here are centered on the employee–employer relationship and the conditions of employment, regardless of the allegation that they were motivated by discriminatory or retaliatory animus. *See, e.g.*, *Lockhart*, 905 F.Supp.2d at 117, n.10. Thus, claims for such work-related injuries are covered by the workers' compensation comprehensive remedial scheme, which provides the exclusive remedy. Consequently, Count VIII is dismissed.

### III. MR. KUNKA'S MOTION TO DISMISS

Defendant, Myron Kunka, moves to dismiss all of the claims against him, arguing that the "threadbare" allegations against him wholly fail to state a claim upon which relief may by granted. *See generally* Kunka Mot. 1. The gravamen of Mr. Kunka's argument is simply that the complaint does not contain enough factual allegations concerning him as an individual to support any of the claims Plaintiff raises against him. *Id.* In her opposition, Plaintiff attaches a number of exhibits indicating that Mr. Kunka was more involved in the decision-making concerning Plaintiff's work-place issues than is pleaded in the complaint. Of course, in resolving a motion to dismiss, the Court should not rely on materials outside of the pleadings such as the ones Plaintiff attached to her opposition. *See generally Abhe & Svoboda, Inc. v. Chao*, 508 F.3d

3

1052, 1059 (D.C. Cir. 2007) (stating that, in deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice). Accordingly, Plaintiff is granted leave to amend her complaint to include allegations that elaborate on the claims against Mr. Kunka. Once Plaintiff files such an amended complaint, Mr. Kunka's current motion to dismiss will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the JHU Defendants' motion to dismiss and defer ruling on Mr. Kunka's motion to dismiss. Plaintiff will be given leave to file an amended complaint that incorporates the allegations stated in her opposition brief. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 26, 2013                              RUDOLPH CONTRERAS
                                                                                 United States District Judge